IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

KAYLA RAYNE GRANTHAM,         CIVIL ACTION FILE NO.: 1:23-CV-00132

    Plaintiff,

Vs:

CITY OF WARWICK, GEORGIA,
APRIL MORRIS, individually and in her
official capacity as an employee of the City
of Warwick, Georgia, and THOMAS STEWART,
individually and in his official capacity as an
employee of the City of Warwick, Georgia,

    Defendants.

---

## AMENDED COMPLAINT FOR TORTS, DAMAGES, AND EQUITABLE RELIEF

### I.    INTRODUCTION

1. Plaintiff, KAYLA RAYNE GRANTHAM, a United States citizen, brings this action against the following Defendants following Plaintiff's unlawful arrest for burglary and theft which was a legal impossibility for Plaintiff to commit. Defendants have adopted policies that prevent and prohibit unlawful arrests of persons that violated Plaintiff's rights afforded to her by the United States Constitution.

### II.    JURISDICTION AND VENUE

2. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides within this judicial district, and the events giving rise to the claims asserted herein all occurred within this judicial district.

3. Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to

Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and the laws of the United States.

4. This Court has jurisdiction over claims seeking relief under 42 U.S.C. § 1983, and the Federal Rules of Civil Procedure, as well as nominal and compensatory damages, against all Defendants.

5. Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

6. Plaintiff is informed, believes, and based thereon alleges that the individual Defendant April Morris acted as described herein with the intent to injure, vex, annoy and harass Plaintiff, and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights with the intention of causing Plaintiff injury and depriving her of her constitutional rights.

7. As a result of the foregoing, Plaintiff seeks compensatory and punitive damages against the individual Defendants.

### III.    PARTIES

8. Plaintiff is an individual and a citizen of the United States.

9. Defendant City of Warwick, is a political subdivision of the State of Georgia and the employer of Defendant April Morris and Defendant Thomas Stewart.

10. Defendant April Morris, is an employee of the City of Warwick.  Defendant Thomas Stewart has ultimate responsibility for the promulgation and enforcement of all Warwick's policies and procedures and is responsible for the overall management of the Warwick Police Department.

11. Defendant Thomas Stewart is an employee of the City Warwick, the Chief of the Police Department, and the direct supervisor over April Defendant April Morris.

12. At all times material to this action, the actions of all Defendants as alleged herein were taken under the authority and color of state law.

13. At all times material to this action, all Defendant April Morris and Defendant Thomas Stewart were acting within the course and scope of their employment as agents and/or employees of Defendant City of Warwick.

### IV.   FACTUAL ALLEGATIONS

**A. Plaintiff's Unlawful Arrest**

14. On or around August 10, 2021, Defendant April Morris, with the consent and under the direction of Defendant Thomas Stewart, swore out false arrest warrants against Plaintiff for Theft by Taking in violation of O.C.G.A. § 16-8-2 and Burglary in violation of O.C.G.A. § 16-7-1. The warrants alleged that Plaintiff committed these offenses on August 7, 2021. Specifically, Plaintiff was charged with breaking and entering into her own home and stealing her own personal property. Her grandmother was also charged with helping Plaintiff steal Plaintiff's very own private property, a legal impossibility.

15. Plaintiff was taken into custody by Defendant April Defendant and Defendant Thomas Stewart on or around August 10, 2021, and transported to the Jail of Turner County, Georgia.

16. Plaintiff shows that Defendant April Morris was not given an oath of office by the City of Warwick or Defendant Thomas Stewart prior to the arrest of Plaintiff, and therefore lacked authority to swear out the false arrest warrants or take Plaintiff into unlawful custody.

17. Prior to the arrest of Plaintiff, Defendant Thomas Stewart was aware, or should have been aware, that Defendant April Morris was operating under the authority of the City of Warwick without having received an oath of office as required by sworn peace officers in the State of Georgia.

18. Prior to the arrest of Plaintiff, Defendant Thomas Stewart was aware of infractions and policy violations committed by Defendant April Morris but took no action to reprimand or otherwise intervene in the acts and omissions of Defendant April Morris.

19. As a result of their malicious intent, negligent conduct, and deliberate indifference in the course of their ministerial functions, the City of Warwick, Defendant Thomas Stewart, and Defendant April Morris caused Plaintiff to suffer emotional and physical harm.

20. The City of Warwick and Defendant Thomas Stewart, as Chief of Police, has a duty to evaluate the actions of Defendant April Morris, and her use of physical force to falsely arrest Plaintiff which represented a ministerial duty and obligation of Defendants that required no deliberation of judgment.

21. Plaintiff shows that Defendant April Morris lacked probable cause to seek arrest warrants for Plaintiff to such an extent that under the circumstances, a reasonable person would be satisfied that Defendant April Morris and Defendant Thomas Stewart had no ground to proceed other than their desire to injure Plaintiff. Specifically, Defendant April Morris, with minimal investigation, would have discovered that Plaintiff was simply retrieving her own personal property from a home that she rented. Instead, Defendant April Morris allowed her association with a personal friend of her children to interfere with her judgment and she used her position as an employee of the City of Warwick to unlawfully arrest Plaintiff by accusing her of stealing her own personal property with the assistance of her grandmother in retrieving Plaintiff's own personal property. Defendant April Morris knew of Plaintiff's pending civil case and used her employment with the City of Warwick to damage Plaintiff and help her son's friend, who had a previous relationship with Plaintiff and shares children with Plaintiff.

22. On or around August 10, 2021, all Defendants acted under the color of law with the false arrest, abuse, false imprisonment, assault and battery, and malicious prosecution of Plaintiff in violation of U.S.C. § 1983, and other applicable state and federal law.

23. On or around August 10, 2021, all Defendants acted to deprive Plaintiff of her personal liberty.

24. On or around August 10, 2021, all Defendants acted to permit the false arrest and assault and battery of Plaintiff. Specifically, Defendant April Morris applied for the arrest warrants by lying thereto, and Defendant Thoms Stewart read the arrests warrants to Plaintiff.

25. On or around August 10, 2021, all Defendants acted to permit the false imprisonment and malicious prosecution of Plaintiff.

B. **Defendants' Unconstitutional Policies and Practices**

26. On information and belief, Defendant City of Warwick's policies and practice, as implemented by Defendant Thomas Stewart and executed by Defendant April Morris fail to provide constitutional safeguards against unlawful arrest and seizure.

27. As a direct and proximate cause of this policy and practice, Defendant April Morris and Defendant Thomas Stewart unlawfully arrested Plaintiff and her grandmother for burglary by accusing Plaintiff and her grandmother of stealing Plaintiff's own personal property.

28. Defendants do not, as a policy or practice, provide for the protection of Plaintiff's Constitutional rights.

29. Defendants' policy and practices violated Plaintiff's Fourth Amendment right to be free of unlawful arrest and seizure, and Plaintiff's Fourteenth Amendment rights to due process of law and equal protection.

30. Said policies and practices are the moving force behind the constitutional violations at issue herein.

31. The expectation to be free from unlawful arrest, and the guarantee of equal protection and due process rights of Plaintiff as protected by the Constitution will not have any burden on the named Defendants attempts to carry out their respective roles and duties.

32. Due to Defendants' actions as described above, Plaintiff has suffered damages, and will continue to suffer damages, including, but not limited to: unlawful arrest and the negative connotations that come along with unlawful arrest, along with those that may follow in the footsteps of Plaintiff. Plaintiff's criminal background record now shows arrests for the offenses of burglary and theft that were not committed. Both offenses are considered crimes of moral turpitude.

33. Defendants' actions and inactions were and are motivated by ill motive and intent, and were and are all committed under color of law with reckless indifference to Plaintiff's rights.

34. Defendants are responsible for or personally participated in creating and implementing these unconstitutional policies, practices, and customs, or for ratifying or adopting them. Further, Defendant City of Warwick is responsible for training and supervising Defendant April Morris and Defendant Thomas Stewart whose conduct has injured and continues to injure Plaintiff.

35. Defendants' unconstitutional policy, practices, and customs are ongoing, continue to this day to best and current knowledge of Plaintiff.

36. Defendants' unconstitutional policy, practices, and customs are ongoing, and may continue to violate Plaintiff's rights, and were and are the moving force behind the injuries Plaintiff suffered as a direct result of the constitutional violations. As such, Plaintiff has no adequate remedy at law.

37. Plaintiff is entitled to declaratory relief as well as injunctive relief prohibiting Defendants from unlawfully arresting Plaintiff or others similarly situated, and from seeking retribution against Plaintiff for bringing these claims.

## V.   CLAIMS

### Count I – 42 U.S.C. § 1983

### Violation of the Fourth Amendment (Unlawful Arrest and Seizure)

38. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. The acts described above constitute violations of Plaintiff's rights, and the rights of Plaintiff's grandmother, who has suffered identical harm, under the Fourteenth Amendment to the United States Constitution.

40. Plaintiff has a constitutionally protected liberty interest from unlawful arrest, a right clearly established under existing case law.

41. The conduct of Defendant April Morris and Defendant Thomas Stewart was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

42. Plaintiff's injuries and the violations of her constitutional rights were directly and proximately caused by the policies and practices of Defendants, which were and are the moving force of the violations.

43. Defendants' acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff and anyone similarly situated.

44. Plaintiff seeks declaratory and injunctive relief, and nominal, compensatory and punitive damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

### Count II – 42 U.S.C. § 1983

### Violation of Fourteenth Amendment (Due Process)

45. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. The acts described above constitute violations of Plaintiff's rights, the rights of Plaintiff's grandmother, who has suffered identical harm, under the Fourth Amendment to the United States Constitution.

47. Because Plaintiff and others like her grandmother have a liberty interest from unlawful arrest, Plaintiff and other similarly situated have a right under the Due Process Clause of the Fourteenth Amendment to be free from unlawful arrest.

48. Defendants' policy and practice fail to provide Plaintiff and other similarly situated like Plaintiff's grandmother with adequate protections from unlawful arrest.

49. The conduct of Defendant April Morris and Defendant Thomas Stewart was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

50. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

51. Defendants' acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff and anyone similarly situated.

52. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks punitive damages against the individual Defendants in their in their individual capacities.

### Count III – 42 U.S.C. § 1983

### Violation of the Fourteenth Amendment (Equal Protection)

53. Plaintiff realleges and incorporates the allegations of Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Defendant City of Warwick and Defendant Thomas Stewart violated Plaintiff's equal protection rights as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 by permitting Defendant April Morris, an unsworn employee of Defendant City of Warwick, to unlawfully and maliciously arrest Plaintiff, who was involved in a prior relationship with a friend of Defendant April Morris's son.

55. Plaintiff is suffering ongoing and irreparable harm as a direct result of Defendants' malicious and unlawful arrest, and the harm will continue unless Defendants' collective conduct is not enjoined by this Court.

56. Defendants' conduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

57. Plaintiff's injuries and the violations of its constitutional rights were directly and proximately caused by the policies and practices of Defendants, which are and were the moving force of the violations.

58. Defendants' acts described above have caused damages to Plaintiff, and if not enjoined, will continue to cause damage to Plaintiff and others similarly situated.

59. Plaintiff seeks declaratory and injunctive relief, and nominal and compensatory damages against all Defendants.  Plaintiff seeks punitive damages against the individual Defendants in their individual capacities.

## VI.   REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

60. A declaration that Defendants' policies and practices violate the Constitution of the United States;

61. Nominal damages for each violation of Plaintiff's rights by the Defendants;

62. A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution, and providing other equitable relief;

63. Compensatory damages in an amount to be proved at trial;

64. Punitive damages against the individual Defendants in an amount to be proved at trial;

65. Costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988, and under other applicable law; and

66. Any other such relief that this Court deems just and equitable.

## VII.   JURY DEMAND

67. Plaintiff by and through her attorney, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

**Bryan and Land, LLC**  
P.O. Box 229  
Ashburn, Georgia 31714  
T. 229-567-3441  
F. 229-567-3419  
GA Bar No.: 869763  
dustinkland@gmail.com

/s/ Dustin K. Land  
Dustin K. Land  
Attorney for Plaintiff